UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISABEL ROCHA, JR, | 2:19-cv-185-SAB |
| Petitioner, | |
| v. | **ORDER SUMMARILY** |
| STATE OF WASHINGTON, | **DISMISSING HABEAS ACTION** |
| Respondent. | |

BEFORE THE COURT is Petitioner's First Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 10. Petitioner, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis*. Respondent has not been served.

**PROPER RESPONDENT**

An initial defect with the amended petition is that it fails to name a proper party as a respondent. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d

ORDER SUMMARILY DISMISSING HABEAS ACTION -- 1

891 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

## EXHAUSTION REQUIREMENT

Petitioner challenges his 2018 Grant County guilty pleas to first-degree rape of a child and first-degree child molestation. He was sentenced on January 16, 2019, to 120 months' incarceration. Petitioner provides no information regarding any direct appeal. ECF No. 10 at 2.

In his grounds for relief, Petitioner argues that the State of Washington has no jurisdiction to decide federal constitutional matters. ECF No. 10 at 5-12. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Therefore, Petitioner's arguments to the contrary lack merit.

Additionally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See Id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court

with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365–366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the Petition and the attached documents that Petitioner has not exhausted his state court remedies as to each of his grounds for relief.

**GROUNDS FOR FEDERAL HABEAS RELIEF**

Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." He claims "no bill of indictment" was brought against him rendering his arrest, conviction and imprisonment illegal.

Petitioner seems to argue that because the state courts have defied "federally established procedures and processes for the adjudication of crimes" only "a court of federal jurisdiction" has jurisdictional authority over his claims. His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations.

As the U.S. Supreme Court stated long ago, "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a

violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). There is no federal constitutional violation when a prosecuting attorney's criminal information is substituted for the grand jury's indictment. *See Hurtado v. California,* 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information). Petitioner's assertions to the contrary presented in his four grounds for federal habeas corpus relief are legally frivolous.

Because it plainly appears from the First Amended Petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the First Amended Petition, ECF No. 10, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 28th day of October 2019.



_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge